IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY KILGORE and<br>MELISSA KILGORE<br><br>Plaintiff,<br><br>vs.<br><br>TEC INDUSTRIAL HOLDINGS – TYNAN<br>EQUIPMENT COMPANY, INC. d/b/a<br>TYNAN EQUIPMENT,<br><br>Defendant. | CAUSE NO. 1:26-cv-1487 |

**COMPLAINT FOR DAMAGES**

Plaintiffs, Jeffrey Kilgore and Melissa Kilgore, for their complaint against Defendant, TEC Industrial Holdings – Tynan Equipment Company, Inc. d/b/a Tynan Equipment, states the following:

**I. Parties**

1. Plaintiffs are residents of North Vernon, Indiana.

2. Defendant is a business with offices in Indianapolis, Indiana.

**II. Jurisdiction and Venue**

3. This court has jurisdiction to hear these claims pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the Family Medical Leave Act ("FMLA" and the Employee Retirement Security Act ("ERISA").

4. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

5. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendant's doing business in this District.

## II. Factual Allegations

5. Mr. Kilgore began working for Defendant on or about December 15, 2020.

6. Mr. Kilgore was an employee of Defendant.

7. Mr. Kilgore was paid as an hourly employee.

8. Mr. Kilgore's final hourly rate was $40.00 per hour.

9. Mr. Kilgore went out on medical leave on July 10, 2024.

10. As of July 10, 2024, Defendant had 50 or more employees within a 75 mile radius.

11. As of July 10, 2024, Mr. Kilgore had worked 1,250 hours or more within the past 12 months.

12. Starting on July 10, 2024, Mr. Kilgore was off work for more than three (3) consecutive days for medical reasons.

13. Mr. Kilgore had surgery on July 10, 2024 for a burst appendix.

14. As of July 10, 2024, Mr. Kilgore began suffering from a serious health condition.

15. Upon information and belief, Mrs. Kilgore communicated with Defendant regarding Mr. Kilgore's need for medical leave.

16. Upon information and belief, Defendant did not request documentation regarding Mr. Kilgore's need for medical leave.

17. Per his doctor, Mr. Kilgore needed to be off work until at least July 25, 2024.

18. Defendant was aware of that Mr. Kilgore would not be released back to work until at least July 25, 2024.

19. Defendant should have granted Mr. Kilgore FMLA leave.

20. While on medical leave, Mr. Kilgore requested to be paid his vacation time.

21. While on medical leave, Mr. Kilgore requested to be paid 3.5 days of vacation time.

22. Defendant terminated Mr. Kilgore on July 17, 2024.

23. Defendant fired Mr. Kilgore in retaliation for taking FMLA leave in violation of the FMLA.

24. Defendant interfered with Mr. Kilgore's right to return to work in violation of the FMLA.

25. Mr. Kilgore had medical benefits while working for Defendant through Defendant.

26. Mrs. Kilgore had medical benefits through Defendant.

27. Following Mr. Kilgore's termination, Defendant failed to provide Mr. Kilgore with a COBRA Notice of Rights.

28. Following Mr. Kilgore's termination, Defendant failed to provide Mrs. Kilgore with a COBRA Notice of Rights.

29. Following Mr. Kilgore's termination, Defendant failed to pay Mr. Kilgore his earned and accrued vacation wages.

30. The wage claim of Plaintiff was referred to counsel for Plaintiff on July 6, 2026 by the Attorney General's Office in conjunction with the Department of Labor.

**Count I**
**Violations of FMLA**

31. Plaintiffs incorporate paragraphs 1 through 30 by reference herein.

32. Defendant interfered with Mr. Kilgore's right to return to work in violation of the FMLA.

33. Defendant retaliated against Mr. Kilgore for taking FMLA leave in violation of the FMLA.

34. Mr. Kilgore has been damaged by Defendant's violations of the FMLA.

WHEREFORE, Mr. Kilgore prays that the Court:

A. Enter an order awarding all actual damages of Mr. Kilgore including back pay with interest as permitted by FMLA.

B. Grant any and all liquidated damages available to Mr. Kilgore.

C. Enter an order awarding Mr. Kilgore compensatory and punitive damages.

D. Enter an order awarding Mr. Kilgore all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

` Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count II**
**Violations of ERISA**

35. Plaintiffs incorporate paragraphs 1 through 34 by reference herein.

36. As of July 10, 2024, Mr. Kilgore was enrolled in Defendant's Group Medical Benefits Plan.

37. AS of July 10, 2024, Mrs. Kilgore was enrolled in Defendant's Group Medical Benefits Plan.

38. Defendant failed to send Mr. Kilgore a Notice of COBRA Rights following his separation of employment.

39. Defendant failed to send Mrs. Kilgore a Notice of COBRA Rights following Mr. Kilgore's separation of employment.

40. As a result, Plaintiffs have suffered damages.

41. Plaintiffs have been damaged by Defendant's conduct.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter an order awarding all actual damages of Plaintiffs.

B. Grant any and all equitable relief available to Plaintiffs.

C. Enter an order awarding Plaintiffs daily penalty damages.

D. Enter an order awarding Plaintiffs all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count III**
**Wage Claims Statute, I.C. §22-2-9 *et. seq.***

42. Plaintiffs incorporate paragraphs 1 through 41 by reference herein.

43. Defendant is an employer pursuant to the Wage Claims Statute.

44. Defendant failed to pay Mr. Kilgore his earned vacation wages during his employment when requested.

45. Defendant failed to pay Mr. Kilgore his wages due and owing in the correct amount.

46. Mr. Kilgore has been damaged by Defendant's violations of the Wage Claims Statute.

WHEREFORE, Mr. Kilgore prays that the Court:

A. Enter an order awarding all actual damages of Mr. Kilgore.

B. Grant any and all liquidated damages available to Mr. Kilgore.

C. Enter an order awarding Mr. Kilgore interest.

D. Enter an order awarding Mr. Kilgore all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**IV. Jury Demand**

47. Plaintiffs incorporate paragraphs 1 through 46 by reference herein.

48. Mr. Kilgore demands a trial by jury for his FMLA and state wage claims.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49
Counsel for Plaintiffs,
Jeffrey Kilgore and Melissa Kilgore

WELDY LAW
11268 Governors Lane
Fishers, IN 46037
Tel: (317) 842-6600
Fax: (317) 288-4013
E-mail: rweldy@weldylegal.com